LEGAL SERVICES OF LONG ISLAND

July 14, 2026
Hon. Arlene R. Lindsay
Long Island Federal Courthouse
814 Federal Plaza
Central Islip, NY 11722-4451

RE: Opposition to Defendants' Letter Motion to Enter Confidentiality Order
*Calderone et al v. The Federal Savings Bank et al*,
Case No. 2:25-cv-02647 (SJB) (ARL)

Dear Judge Lindsay,

I am a staff attorney with Legal Services of Long Island, Inc., attorneys for the Plaintiffs Brendan and Lindsay Calderone ("Plaintiffs") in the above-captioned action. For the reasons that follow, Plaintiffs oppose the motion filed by Defendants The Federal Savings Bank, John Joseph Sinnes ("Sinnes"), and Tarik Dalal (collectively "Defendants") which asks this Court to enter a protective order binding Plaintiffs to a confidentiality agreement without Plaintiffs' consent. Docket ["Dkt."] 52.

**I. Defendants' motion must be denied as it lacks any basis in fact or law.**

Defendants' motion must be denied because (a) Defendants' position is entirely refuted by their own proposed confidentiality agreement and (b) there is no legal basis for the Court to enter a confidentiality order without Plaintiffs' consent.

*a. Defendants' first proposed confidentiality agreement refutes the position advanced in their motion.*

Defendants' first proposed confidentiality agreement reads: "Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, <u>even if such materials contain Protected Material</u>." *See* Exhibit A, ¶ 13 (emphasis added). I protested to Defendants' 15-page long confidentiality agreement because "[i]n its current iteration, there is no clear metric by which to gauge whether something is or is not confidential" and stated that I was "not sure that I can prevent third party access to the potentially confidential information since I do not work for a traditional law firm." I explained that my agency, as a Legal Services Corporation grantee, has its files audited by third parties "without a subpoena or advanced notice." Dkt. 52-2, p. 12.

As a result of this discussion, Defendants abandoned the 15-page agreement and adopted a form confidentiality agreement. Dkt. 52-1. The parties negotiated back and forth on the terms to be included therein, but could not reach an agreement because, despite having included a provision in the first proposed agreement that allowed for document retention post-disposition (*see*

Exhibit A, ¶ 13), Defendants now insist that a confidentiality agreement without a file destruction provision "entirely defeats the purpose of a confidentiality order". Dkt. 52, p. 2. Defendants' position that file destruction is "common practice" and "necessary" is completely contradicted by their own first proposed confidentiality agreement that allowed for file retention. *See* Exhibit A, ¶ 13. As such, Defendants' motion must be denied as it lacks any basis in fact.

*b. Defendants' do not cite to any law that supports their motion.*

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *See* Fed. R. Civ. Pro 26(c). Defendants do not cite to any "annoyance, embarrassment, oppression, or undue burden or expense" as their justification for seeking a confidentiality order from the Court. Instead, Defendants simply cite to two[1] cases to prove that confidentiality orders <u>always</u> require file destruction clauses.

The first citation is to *United States v. Basciano*, 2006 WL 2270432, *2 (E.D.N.Y. 2006). *Basciano* is a federal criminal case that discusses a situation where a court entered a protective order requiring a criminal defendant to return witness information after trial; however, the defendant's case ended in a mistrial. *Id.* The *Basciano* court was tasked with determining whether the defendant had to return documents containing witness information after mistrial but pending retrial.[2] *Id.* The court did not require the defendant to return the documents pending retrial. *Id.* Importantly, the *Basciano* court specified that "protective orders, such as the one issued in this case, <u>are not encouraged</u> [but] are permitted in cases where legitimate security concerns support such an order." *Id.* (emphasis added). Defendants' motion must be denied as Defendants do not cite to any danger or legitimate security concerns, the instant case is not a criminal matter, and there is no question as to whether or not this action has been disposed. As such, *Basciano* is utterly irrelevant here.

Defendants' second, and final, citation is to *Matsui v. Windham Professionals, Inc.*, 2022 WL 2303975 [S.D.N.Y. 2022). *Matsui* is a so-ordered confidentiality agreement, agreed to between the parties through a joint letter motion (*see* Exhibit B). The court did not make any determinations as to the propriety of file destruction clauses in *Matsui. Id.* Strikingly, the *Matsui* confidentiality order *also* allows for archival file retention. *Id.* at ¶ 16 ("counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Discovery Confidentiality Order"). The *Matsui* language resembles Defendants' initial proposed confidentiality agreement. *Compare Matsui* at ¶ 16 with Exhibit A, ¶ 13. Therefore, *Matsui* does not require the unconditional destruction of all confidential material as Defendants suggest. *Id.* As such, Defendants do not cite to any law supporting their position. Indeed, Defendants' citations entirely undermine their position since *Matsui* allowed for file retention. Defendants' failure to cite to a single legal precedent showing

---

[1] Defendants cite to one other case in the totality of their motion, *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984), solely to support the assertion that the Court has broad discretion to decide when a protective order is appropriate. Defendants do not use this case to support the assertion that file destruction clauses are standard nor does *Seattle Times Co.* discuss file destruction clauses in confidentiality agreements. Additionally, *Seatle Times Co.* concerns the constitutionality of Washington State's Rule 26(c) analog—not federal law. Therefore, this case also does not support Defendants' position.

[2] Also notable here is that federal criminal cases follow the Federal Rules of Criminal Procedure, rather than Civil Procedure, so Rule 26(c) was not at issue in *Basciano*.

that one-year file destruction clauses are "common" or "necessary" shows that Defendants' motion lacks any basis in law. Therefore, Defendants' motion must be denied.

**II. Defendants' motion must be denied as it is procedurally improper.**

Defendants' motion must be denied as it is (a) untimely; (b) premature; and (c) because Defendants failed to confer in good faith prior to bringing this motion.

*a. Defendant's motion is untimely.*

Defendants agreed to seek a confidentiality order by June 5, 2026. Dkt. 47, ¶ 5(c). Indeed, Defendants' chose their own deadline as Plaintiffs do not have a need for a confidentiality order. Dkt. 52-2, p. 9. Defendants did not send their initial proposed agreement until June 4, 2026, at 8:30 p.m. Dkt. 52-2, p. 20. Defendants did not request an extension of time to seek a confidentiality order. As such, Defendants' motion is untimely and should not be considered by the Court.

*b. Defendants' motion is premature.*

Defendants' seek an order of the Court requiring Plaintiffs to destroy documents that have not been requested yet—and may never be—after the litigation ends. Defendants claim to be concerned about furnishing "the personal identifying and financial information of third-party consumers." Dkt. 52, p. 2. Plaintiffs do not anticipate needing such information and, even if they did, this information is already protected under Rule 5.2, so this is not a basis to require a confidentiality order. *See* Fed. R. Civ. Pro 5.2. As such, Defendants' motion must be denied as it is not clear confidential information will even be requested since Plaintiffs' claims primarily concern fraudulent statements made in writing by Sinnes to Plaintiffs (Dkt. 47, ¶ 4), which are already annexed to the complaint as exhibits (Dkt. 32-3, 4).

*c. Defendants did not confer in good faith prior to moving the Court.*

Plaintiffs asked repeatedly for a basis for requiring the destruction of a case file after final disposition and Defendants merely stated that it was "standard." *See e.g.* Dkt. 52-2, p. 1-2. As stated above, this position is directly contradicted by Defendants' initial proposed confidentiality agreement, as well as the confidentiality agreement in *Matsui* to which Defendants cited. As such, Defendants did not confer in good faith as they knew they had no basis for either the file destruction requirement or the instant motion. A perfunctory, check-the-box phone call made solely to satisfy a court requirement and without actual intent to analyze the issues and engage in discussion is not a good faith conferral. As such, Defendants' motion must be denied.

Based on the foregoing, Plaintiffs pray for an order denying Defendants' motion.

Very truly yours,
*/s/ Carolyn A. Lander*
Carolyn A. Lander, Esq.