V. Amanda Witts
Counsel
V.AWitts@mitchellsandler.com
(202) 886-5260

November 10, 2026

**VIA CM/ECF**

Hon. Arlene R. Lindsay
USDC – Eastern District of New York
Long Island Federal Courthouse
814 Federal Plaza
Central Islip, NY 11722

**Re: *Calderone et al v. The Federal Savings Bank et al.*, No. 2:25-cv-02647-SJB-ARL**

Dear Hon. Arlene R. Lindsay:

The undersigned represents Defendants The Federal Savings Bank, John Joseph Sinnes, and Tarik Dalal (collectively, "Defendants") in the above-captioned action. Defendants respectfully submit this letter in response to Plaintiffs' letter dated November 9, 2026, and the Plaintiffs' contested Rule 26(f) Report. *See* ECF No. 57. As Plaintiffs' letter notes, the parties have reached agreement on all of the applicable discovery dates except the date by which a confidentiality order must be filed. Defendants' position on that item is set forth in Attachment 1 to Exhibit A to this letter, and Defendants propose that the confidentiality order be filed with the Court by December 4, 2026.

Defendants have made repeated good-faith efforts to reach agreement with Plaintiffs on a confidentiality order based on the standard form order provided by the Eastern District of New York. The parties have met and conferred on several occasions, and Defendants previously sought the Court's assistance in resolving this dispute. *See* ECF No. 52. The parties conferred again on October 19, 2026, but were unable to reach agreement.

The sole point of disagreement is narrow. Plaintiffs will not agree to any confidentiality order unless it allows them to keep an "archival copy" of every document produced in this litigation, indefinitely. Plaintiffs seek to keep these copies even if the produced documents were never used in a pleading, a deposition, any filing or submission in the case, or used in the litigation by any of the parties. Defendants cannot agree to that condition. The materials Defendants are producing include sensitive, proprietary commercial information and personally identifying information about Defendants' customers. Allowing that information to remain indefinitely in the files of opposing counsel, long after the case has ended, would create a continuing risk of disclosure. That risk serves no legitimate purpose in this litigation.

Plaintiffs' letter asserts that an archival copy is needed to comply with federal regulations, malpractice requirements, and other ethical considerations. Plaintiffs, however, have not identified any specific regulation or rule that would require counsel to retain, indefinitely, every document produced by an adverse party in discovery, and Defendants are aware of none. Nor does Plaintiffs' proposal that Defendants produce non-confidential documents now and identify the documents

being withheld resolve the issue; it simply defers the same dispute while leaving the confidential materials, which are central to discovery in this action, without an agreed framework for their protection. The appropriate course is the entry of a confidentiality order that will permit production of all responsive materials to proceed promptly.

Defendants ask only for the protection that the District's standard form order already provides: that, at the conclusion of this litigation, confidential materials be returned or destroyed. Plaintiffs have stated that they will not agree to this provision. Due to this ongoing disagreement, Plaintiffs submitted their version of the contested Rule 26(f) Report (ECF No. 57-1) and, as such, Defendants now submit their version. *See* Exhibit A, attached hereto.

A copy of this letter has been shared with counsel via email prior to uploading to ECF.

Very Truly Yours,

*/s/ V. Amanda Witts*
V. Amanda Witts, Esq.
Counsel

cc: Carolyn A. Lander – via CM/ECF